**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DE'ONTE SHAIMON ALFRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1073 RLW |
| | ) | |
| N. THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff De'onte Shaimon Alfred, a pretrial detainee currently incarcerated at the St. Louis County Justice Center, for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint within twenty-one (21) days of the date of this Memorandum and Order.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his inmate account statement. [ECF No. 3]. A review of plaintiff's account indicates an average monthly deposit of $188.39 and an average monthly balance of $37.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.67, which is 20 percent of plaintiff's average monthly deposit.

### The Complaint

Plaintiff De'onte Shaimon Alfred, an inmate at the St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 on a Court-provided complaint form. [ECF No. 1]. Plaintiff names one defendant in this action: N. Thompson, a correctional officer at the St. Louis County Justice Center. He sues Correctional Officer Thompson in his official capacity.

Plaintiff alleges that on July 29, 2023, he was being escorted in handcuffs by defendant Thompson for "refusing to lockdown." While he was being escorted to his cell, he told Thompson he was feeling suicidal. Thompson placed plaintiff the restraint chair, "for [his] safety." Plaintiff alleges that Thompson applied only five of the seven points of restraint: two were placed on plaintiff's ankles, two on his shoulders, and one across his lap. He claims he remained handcuffed to the chair, however.

Plaintiff states that he was placed in the chair at 1020 hours, and he was allowed to stand for approximately ten minutes after two hours had passed. When he informed an unnamed officer that he was still suicidal, an unnamed person placed him back into the restraint chair at 1220 hours.[1]

---

[1]Plaintiff also submitted as Exhibit A to his Complaint an Incident Report from an unknown correctional officer ("DSN js1540"), dated July 29, 2023, which the Court incorporates into plaintiff's

Plaintiff claims he remained handcuffed "throughout the whole process." At some point, plaintiff informed defendant Thompson that he could not "feel his hands," telling him that there was "no circulation" and his hands were "swelling up from handcuffs being to[o] tight." Plaintiff states he is approximately 6'1" tall and 215 pounds, and it was "very uncomfortable being restrained behind [my] back instead of using the additional restraints on [the] chair made for the wrist." Plaintiff claims he was continuously restrained in the chair from 1220 until 1545 hours, when he was finally taken to the infirmary.

In his "Request for Relief," plaintiff states that he wishes to be compensated for "the physical injury" he endured in the incident he describes in the complaint. He also seeks damages for emotional distress, on top of his "already suicidal thoughts."

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The

---

complaint pursuant to Federal Rule of Civil Procedure 10(c). The report states that plaintiff was placed in the restraint chair at 1020 hours not only because he reported being suicidal, but also because he refused to accept his cell assignment. The nurse checked plaintiff's restraints at approximately 1059 hours and 1230 hours. At 1220 hours, plaintiff was asked if he was ready to submit to his cell assignment, but he reported that he still felt suicidal. At approximately 1300 hours, plaintiff was removed from the restraint chair for a period of ten minutes. Plaintiff was placed back in the restraint chair at approximately 1310 hours, and the nurse checked his restraints at approximately 1350 hours. [ECF No. 1-4.] According to the second page of the Incident Report (which plaintiff labeled "Exhibit B"), plaintiff was moved from the restraint chair at approximately 1535 hours and taken to the infirmary at approximately 1545 hours. [ECF No. 1-5].

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court finds it is subject to dismissal for failure to state a claim. Despite this finding, the Court will allow plaintiff to amend his complaint.

First, plaintiff brings this action against defendant Thompson in his official capacity only. An official capacity suit is a "way of pleading an action against an entity of which an officer is an

4

agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim

against an individual is a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d

1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th

Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against

the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that

official capacity suit against sheriff and his deputy "must be treated as a suit against the County");

*Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public

employees in their official, rather than individual, capacities sues only the public employer").

Thus, to prevail on an official capacity claim, the plaintiff must establish the governmental entity's

liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges that defendant Thompson is employed by St. Louis County

Justice Center. However, a county subdivision, such as a jail or a correctional institution, is not

subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (1992)

(a department or subdivision of local government is not a "juridical," or suable, entity under 42

U.S.C. § 1983). *See also Ballard v. Missouri,* No. 4:13-CV-528-JAR (E.D. Mo. Apr. 22, 2013)

(holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the

St. Louis County Justice Center, the St. Louis City Justice Center, and MSI/Workhouse are legally

frivolous because these defendants are not suable entities").

Even if St. Louis County is substituted as defendant Thompson's employer, plaintiff's

official capacity claims would still be subject to dismissal. Unlike a county's subdivision, such as

a jail, a local governing body can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of*

*Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978). However, a local government does not

answer "for the injuries inflicted solely by its employees or agents," and is not subject to

respondeat superior liability. *Id.* at 694; *see also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir.

2018). Rather, a local government is narrowly liable for its own unconstitutional misconduct—as perpetrated through its employees—that falls under one of three categories: (1) an official policy; (2) an unofficial custom; or (3) a failure to train, "which is an extension of the same" and serves to evidence an unconstitutional policy or custom. *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018). Accordingly, rather than implicate the doctrine of respondeat superior, an official capacity claim serves only to address the conduct of a particular official in furtherance of his or her employer's unconstitutional policy or custom. *See Miller v. City of St. Paul*, 823 F.3d 503, 506 (8th Cir. 2016). Thus, to sustain a claim against a defendant in his official capacity, plaintiff "must prove that the County itself caused the constitutional violation at issue." *Marsh,* 902 F.3d at 751.

Here, plaintiff's complaint is devoid of any allegations that would state a claim of municipal liability. Plaintiff does not allege that St. Louis County itself maintains a specific policy or custom which caused the violation of his constitutional rights relative to the events in July 2023 with Correctional Officer Thompson. *See Ulrich v. Pope Cnty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Instead, plaintiff appears to allege that constitutional policies were in place, but the defendant knowingly disregarded those policies by his actions. Such allegations are insufficient to assert an official capacity claim against St. Louis County. As a result, plaintiff's official capacity claim against defendant Thompson, as well as any claim against St. Louis County itself, are subject to dismissal.

Second, although plaintiff states in his "Request for Relief" that he is suing for physical damages for alleged excessive force because of Thompson keeping his handcuffs on for too long, plaintiff has not alleged in the body of his complaint that he sustained such damages due to his time in the restraint chair. Although plaintiff claims he suffered some swelling in his hands from

being in handcuffs for several hours, he has not alleged sufficient facts to develop this claim.

The application of handcuffs does not usually amount to excessive force unless it results in more than minor injuries. *See Haning v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (citing *Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003)). In *Crumley*, the Eighth Circuit held that the plaintiff had not been subjected to excessive force when handcuffed because she presented no evidence of long-term injury and "allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are [not] sufficient to support [a] claim of excessive force." 324 F.3d at 1008. The Eighth Circuit later stated there is no uniform requirement for a plaintiff to show more than minimal injury to establish an application of excessive force. *Chambers v. Pennycock*, 641 F.3d 898, 907 (8th Cir. 2011). Even so, the Eighth Circuit more recently relied on *Crumley* in rejecting an excessive force claim based on the use of handcuffs, finding that the injuries sustained were "fairly minor," and concluding that in the absence of precedent clearly holding that the use of handcuffs amounted to more than de minimis force, it did not violate a clearly established right. *See Robinson v. Hawkins*, 937 F.3d 1128, 1136 (8th Cir. 2019). Because plaintiff has failed to state facts to show he was subjected to any permanent injuries, as opposed to the swelling indicated in his complaint, the Court cannot say that plaintiff has adequately pleaded an excessive force claim against defendant Thompson.

Despite this, in consideration of plaintiff's self-represented status, the Court will allow him the opportunity to submit an amended complaint in accordance with the instructions set forth below.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended

complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). All the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that specific defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. The Court emphasizes that the "Statement of

8

Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" and "Relief" sections. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has also filed a motion for appointment of counsel. [ECF No. 4]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.

*Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. In addition, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court.

The Court will therefore deny his motion without prejudice at this time. However, the Court will consider a future motion for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $37.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, by **January 22, 2024**, plaintiff shall submit an amended complaint on the Court form in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 4] is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely and fully comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of December, 2023.